Mr. Fred S. Disselkoen, Jr. Ormond Beach City Attorney Post Office Box 277 Ormond Beach, Florida 32175-0277
Dear Mr. Disselkoen:
You have asked for my opinion on substantially the following questions:
1. May the City of Ormond Beach require a licensed professional engineer to provide proof of professional liability insurance as a condition precedent to performing any work in the city?
2. If not, may the City of Ormond Beach adopt a land development regulation requiring that any site development plans submitted to the city for review and approval by a registered professional engineer be accompanied by proof of professional liability insurance?
In sum:
1. The City of Ormond Beach may require a licensed professional engineer to provide proof of professional liability insurance as a condition precedent to performing any work in the city by incorporating such a requirement into its occupational tax ordinance.
2. The City of Ormond Beach may adopt a land development regulation requiring that registered professional engineers submit proof of professional liability insurance with any site development plans submitted to the local government for review and approval.
According to your letter, the City Commission of Ormond Beach has retained a number of professional engineering firms under continuing contracts, all of which require proof of professional liability insurance as a condition of the contract. The City Commission has also adopted, by ordinance, a procedure for the selection of project engineers from among these firms for specific projects. During a recent discussion of a problem in a subdivision project, one of your consulting engineers suggested that the city should require engineers submitting plans for city approval to have such insurance.[1]
As provided in Article VIII, section 2(b), Florida Constitution, and implemented in section 166.021, Florida Statutes, municipalities possess the governmental, corporate, and proprietary powers to enable them "to conduct municipal government, perform municipal functions, and render municipal services, and may exercise any power for municipal purposes, except when expressly prohibited by law."[2] Certain matters are placed outside the scope of municipal legislative action by section 166.021(3), Florida Statutes, including "[a]ny subject expressly preempted to state or county government by the constitution or by general law. . . ."[3]
State regulation of the field of engineering is codified in Chapter 471, Florida Statutes. As expressed in the statement of purpose for enactment of this chapter:
"The Legislature finds that, if incompetent engineers performed engineering services, physical and economic injury to the citizens of the state would result and, therefore, deems it necessary in the interest of public health and safety to regulate the practice of engineering in this state."[4]
The statutes create a Board of Professional Engineers.[5] The board is responsible for adopting rules to carry out Chapter 471, Florida Statutes,[6] licensing those applicants who are qualified to practice engineering,[7] and disciplining those licensed to practice engineering who violate the provisions of this chapter or the rules of the board or department.[8]
While several provisions of Chapter 471, Florida Statutes, deal with professional responsibility,[9] nothing in this chapter or Chapter 455, Florida Statutes,[10] requires that an engineer provide evidence of professional liability insurance as a condition precedent to providing engineering services. In the absence of any statute addressing such a requirement, this does not appear to be a subject upon which the state has preempted local regulation.
Provisions of Chapter 205, Florida Statutes, authorize counties and municipalities to impose occupational license taxes on those persons engaging in specified businesses or occupations within the government's jurisdiction.[11] However, pursuant to section205.065, Florida Statutes:
"If any person engaging in or managing a business, profession, or occupation regulated by the Department of Business and Professional Regulation has paid an occupational license tax for the current year to the county or municipality in the state where the person's permanent business location or branch office is maintained, no other local governing authority may levy an occupational license tax, or any registration or regulatory fee equivalent to the occupational license tax, on the person for performing work or services on a temporary or transitory basis in another municipality or county. In no event shall any work or services performed in a place other than the county or municipality where the permanent business location or branch office is maintained be construed as creating a separate business location or branch office of that person for the purposes of this chapter."
In light of this statute, imposition by Ormond Beach of a professional liability insurance requirement on an engineer as part of the city's occupational license tax program may be problematical. Engineers who do not have a permanent business location or branch office in Ormond Beach would not be subject to this requirement if they have paid an occupational license tax in another jurisdiction, even if they perform work within the city's jurisdiction.
Therefore, it is my opinion that the City of Ormond Beach may require a licensed professional engineer to provide proof of professional liability insurance as a condition precedent to performing any work in the city by incorporating such a requirement into its occupational tax ordinance. However, it may be necessary to create a complementary provision in order to cover those licensed engineers who have paid an occupational tax in another jurisdiction and who perform work within the city's jurisdiction.
Section 471.037, Florida Statutes, specifically provides for local legislation regarding the services or registered engineers. This statute provides:
"Nothing contained in ss. 471.001-471.037 shall be construed to repeal, amend, limit, or otherwise affect any local building code or zoning law or ordinance, now or hereafter enacted, which is more restrictive with respect to the services of registered engineers than the provisions of ss. 471.001-471.037."[12]
Thus, the provisions of Chapter 471, Florida Statutes, recognize the authority of local governments to enact legislation relating to the services of registered engineers when done in the context of related codes or ordinances. In recognition of this authority, the City of Ormond Beach may wish to consider adopting a land development regulation requiring that registered professional engineers submit proof of professional liability insurance with any site development plans submitted to the city for review and approval.[13]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] No comment is expressed in this opinion regarding whether the city can articulate a rational basis for regulating engineering professionals distinctly from other professionals.
[2] Section 166.021(1), Fla. Stat. (1995).
[3] Section 166.021(3)(c), Fla. Stat. (1995). Cf., s. 166.221, Fla. Stat. (1995), which provides that a municipality may levy certain business, professional, and occupational regulatory fees when such regulation has not been preempted by the state or a county pursuant to a county charter.
[4] Section 471.001, Fla. Stat. (1995).
[5] See, s. 471.007, Fla. Stat. (1995).
[6] See, s. 471.008, Fla. Stat. (1995).
[7] See, s. 471.015, Fla. Stat. (1995).
[8] See, s. 471.033, Fla. Stat. (1995).
[9] See, s. 471.023(1), Fla. Stat. (1995), relating to the certification of partnerships and corporations and providing that a corporation or partnership is responsible for the conduct or acts of its agents, employees, and officers; s. 471.023(3), Fla. Stat. (1995), which states that a corporation shall be liable up to the full value of its property for any negligent acts, wrongful acts, or misconduct committed by any of its officers, agents, or employees while they are rendering professional services for the corporation.
[10] Chapter 455, Fla. Stat. (1995), deals generally with the regulation of professions by the Department of Business and Professional Regulation.
[11] See, s. 205.033, Fla. Stat. (1995), relating to the imposition of occupational license taxes by counties, and s.205.043, Fla. Stat. (1995), providing for the levy of such a tax by municipalities.
[12] Section 471.037(1), Fla. Stat. (1995).
[13] In considering the advisability of including such a provision in the city's land development regulations, you should be aware that such an ordinance may have repercussions on building code administrators and inspectors for the city. Section 468.621, Fla. Stat. (1995), sets forth grounds for which discipline may be taken against building code administrators and inspectors. Pursuant to provisions of this statute, a building code administrator or inspector who knowingly files a report or record that does not comply with the local ordinance could be subject to professional discipline, as could an administrator or inspector who knowingly assists another person in practicing contrary to provisions of the building code. Further, s. 468.633(2), Fla. Stat. (1995), provides that the discipline of any person pursuant to s. 468.621 shall, as a matter of law, constitute just or substantial cause for discharge from employment.